McBride, judge.
From a judgment dismissing their suit for damages sustained by a Ford panel truck as a result of a collision between said vehicle and a Packard automobile, plaintiffs have appealed. The Ford truck was owned by Cleveland Spears, and he and his subrogee of part of the claim are plaintiffs, and their suit is directed against the owner and driver of the Packard car. The collision occurred in the intersection formed by North Galvez Street and the lake-bound roadway of Bienville Street on August 16, 1957, about 7:45 p. m. Five specifications of negligence are levelled at the defendant, but we deem it unnecessary to detail the charges here.
The Ford truck had been parked next to and parallel with the sidewalk curb of the lake-bound traffic roadway of Bien-ville Street only 10 feet from North Gal-vez Street, while its driver, Samuel Spears, was engaged in making a delivery of merchandise to the house in front of which the truck was parked. Grelle had been driving his Packard on the opposite side of Bienville Street in the direction of the Mississippi River, and his intention was to make a left turn into North Galvez Street and then proceed in a downtown direction. Upon reaching North Galvez Street the semaphore light signal was unfavorable, so Grelle brought his automobile to a stop before attempting the turn. When the favorable light signal appeared, he resumed his forward movement and executed the turn and drove on North Galvez Street to the lake-bound roadway of Bienville Street which he says he could not cross because of traffic conditions therein. Grelle stopped until the traffic movement cleared and then started forward with the result the front of his car hit the left side of the Ford truck which had moved from its parked position into North Galvez Street into the path of the Packard. He testified: “The truck shot right in front of me.”
Grelle made the left turn upon the proper signal, and although he was endeavoring to cross Bienville Street on a red light, we know of no law nor have we been made acquainted with any local traffic ordinance which prohibited such a movement after the left turn. We agree Grelle was under the duty of proceeding carefully and cautiously after making the turn in view of the red light confronting him and particularly as he had to make a crossing of the lake-bound roadway of Bien-ville Street, but he seems to have acted as a prudent driver in bringing his car to a stop to permit vehicles therein to pass and in awaiting a clearance of the roadway before moving forward.
Grelle declares he did not see the truck start forward and there were no lights thereon, and the latter statement seems to be supported by the admission Spears made to a police officer that he did not “pull” his light switch until the truck had moved out into North Galvez Street and was about to be hit. Spears does not make denial that he did not turn on the headlights before starting, but he claims his parking lights were illuminated whilst the truck was standing at the curb and also when he commenced the forward motion.
The truck travelled but a few feet before the accident and we can readily understand why Grelle did not notice it start forward from its stationary position at the curb. If the truck was standing with the parking lights turned on, we think Grelle would have had every reason to believe the truck would remain stationary because the illuminated parking lights would certainly have conveyed that indication. If when starting his motor Spears had switch *821 ed on the headlights, Grelle then would have been forewarned that the truck would be started and driven forward and perhaps he could have averted the accident.
This accident occurred not by any reason of fault on the part of Grelle but because the truck was suddenly darted from a parked position at the curb directly in front of the oncoming Packard. Grelle applied the brakes but to no avail.
For the reasons above-assigned, the judgment appealed from is affirmed.
Affirmed.